IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Committed Intimate Relationship of: | ) ) ) | No. 37506-4-III |
| LEROY E. STRINGFIELD, | ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| DENICE COLLINS, | ) ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, J. — Leroy Stringfield appeals after the trial court awarded

him only a horse and saddle in his committed intimate relationship action against Denice

Collins. He presents sympathetic arguments why the trial court erred and tries to

transform these arguments into errors of law. We affirm because the trial court's findings

are sufficiently supported by the record and it did not err in applying the law.

FACTS

Leroy Stringfield and Denice Collins first began a relationship in early 2008. The

two had an unclear relationship until the middle of 2011 when Mr. Stringfield began a

six-month prison sentence. While Mr. Stringfield was incarcerated, Ms. Collins found

and purchased a piece of property (known hereafter as the "Blue Creek Road property")

for $100,000, using $50,000 of separate funds as a down payment.

While Mr. Stringfield was incarcerated, he and Ms. Collins corresponded about the

Blue Creek Road property, with Ms. Collins giving Mr. Stringfield progress reports on

how the septic system and well project were progressing. At the time, the property had

only a framed cabin-type structure on it with no power or heat, no kitchen, and no

bathroom. Between his release from incarceration in the latter part of 2011 and early

2018, Mr. Stringfield lived at the Blue Creek Road property on and off, though not

continuously.

Throughout their relationship, Ms. Collins worked consistently as an emergency

room nurse. Mr. Springfield's employment was not consistent. From 2009 to 2012, Mr.

Stringfield was in bankruptcy, incarcerated part of the time, and thereafter received

Department of Social and Health Services benefits. He lacked steady income until 2013.

In 2014, the parties married in Nevada.

Mr. Stringfield used his carpentry skills to make numerous improvements to the

Blue Creek Road property while he lived there from late 2011 until 2018. He built an

addition to the residence that included a bathroom, kitchen, and laundry room. He made

other improvements that included dry walling, installing cabinets, installation of solar panels, building animal and horse shelters, deck work, screening enclosure work, pasture clearing, and a chicken coop, among other things.

The parties separated in 2018. Protection order proceedings started in Washington around that time. In a civil standby with police, Mr. Stringfield obtained some but not all of his belongings. Ms. Collins returned to Nevada and started annulment proceedings. At some point, items that Mr. Stringfield had left at the Blue Creek Road property went missing. These items include a boat motor, a tree stand for hunting, a back pack, power tools, a portable log saw mill, and scaffolding. Ms. Collins filed police reports where she claimed her property had been burglarized.

Mr. Stringfield filed a petition for dissolution of committed intimate relationship in Okanogan County, Washington. He was defaulted in Nevada and the annulment was granted; however, the Nevada court made no attempt to distribute property. Because none of the property had been divided and the marriage had been annulled, this case proceeded as though the marriage never occurred—i.e., as a committed intimate relationship.

The matter came to trial in late 2019. Mr. Stringfield testified about the various improvements he made over the years to the Blue Creek Road property. In total, he

3

estimated he spent over 1,200 hours improving the property, and he testified that he

charged $45.00 per hour for carpentry work. Between labor and materials, he claimed he

put $60,843.78 into the Blue Creek Road property.

Two exhibits were admitted showing comparable sales values at the time of trial.

One exhibit showed the eight-year increase in value to be $22,590, and the other showed

the eight-year increase to be $42,000. Mr. Stringfield offered no evidence of how much

property values in the area increased over these eight years so the trial court could

apportion the increase between those values and his labor and material.

Mr. Stringfield argued at trial that Ms. Collins either had or sold his missing

personal items. Ms. Collins denied this. She testified that one of two horses she had and

a saddle belonged to Mr. Stringfield.

Mr. Stringfield admitted screenshots showing that Ms. Collins had attempted to

sell three items on Facebook. But none of these were the items he claimed were missing.

The trial court did not award anything to Mr. Stringfield for his improvements to

the Blue Creek Road property. Based mostly on Mr. Stringfield's admitted poor memory,

the trial court found that his testimony was not credible on the issue of hours spent

improving the property. The court also found that Mr. Stringfield did not present

sufficient evidence for it to attribute what portion his labor increased the Blue Creek

Road's property value.  This failure of proof was the primary reason why the court

awarded nothing to Mr. Stringfield on this claim.  The secondary reason the court

awarded nothing was its finding that:

> For most of seven years [Mr. Stringfield] benefitted from the living
> arrangement, paying no rent and making few, if any, payments toward Ms.
> Collins' mortgage or contract balance.  It is only fair and appropriate that he
> worked on the residence and even purchased materials used to improve it.
> Ultimately, it is fair and equitable to say that his labor and efforts,
> financially and otherwise, were in exchange for getting to live at 93 Blue
> Creek Road for a significant period of time.

Clerk's Papers (CP) at 37.

The trial court did not award Mr. Stringfield anything for the personal property he

claimed Ms. Collins had taken or sold.  The trial court noted that Ms. Collins denied

taking or selling Mr. Stringfield's missing property and that she herself had filed police

reports alleging that her property was taken.  Based on competing evidence, the court

found "that a preponderance of evidence does not support holding Ms. Collins

responsible for taking, improperly keeping or selling items otherwise belonging to Mr.

Stringfield."  CP at 34.  In the end, the trial court's award to Mr. Stringfield was limited

to his horse and saddle.

Mr. Stringfield timely appealed.

5

ANALYSIS

BLUE CREEK ROAD

Mr. Stringfield agrees that the Blue Creek Road property is Ms. Collins's separate property. He contends the trial court abused its discretion by determining that he added no value to that property. We disagree that this is what the trial court found. Rather, the trial court found that Mr. Stringfield failed to present evidence of how much his efforts increased the value of the Blue Creek Road property.

The labor of each party during a committed intimate relationship is community labor. *In re the Meretricious Relationship of Long & Fregeau*, 158 Wn. App. 919, 929, 244 P.3d 26 (2010). In *In re Marriage of Elam*, 97 Wn.2d 811, 816-17, 650 P.2d 213 (1982), the Supreme Court explained how community improvements to separate property are apportioned:

> [W]e hold that any increase in the value of separate property is presumed to be separate property. *This presumption may be rebutted by direct and positive evidence that the increase is attributable to community funds or labors.* This rule entitles each spouse to the increase in value during the marriage of his or her separately owned property, *except to the extent to which the other spouse can show that the increase was attributable to community contributions.*

(Emphasis added.)

It was thus incumbent on Mr. Stringfield to present "direct and positive evidence" showing what portion of the property's increased value was attributable to community labor and materials. He failed to do this. Instead, the trial court was provided a range of value increases, unreliable evidence of Mr. Stringfield's time and materials, and no evidence of how much general property values increased between when Ms. Collins purchased the Blue Creek Road property and the trial. This evidence did not allow the trial court to determine what increase in the Blue Creek Road's property value over eight years was attributable to community labor and materials. On this basis, we affirm the trial court.

MISSING ITEMS

Mr. Stringfield argues that Ms. Collins was a bailee for the missing items he left at the Blue Creek Road property and, under this theory, she is legally presumed negligent for its unexplained loss.

Generally, a party is precluded from raising an issue on appeal that was not first raised at trial. RAP 2.5(a). Purposes underlying this rule include giving the trial court an opportunity to address the issue before it becomes an error on appeal and promoting the important policies of economy and finality of decisions. *See Wilcox v. Basehore*, 187 Wn.2d 772, 788, 389 P.3d 531 (2017).

Mr. Stringfield did not argue to the trial court that Ms. Collins was liable as a bailee. We decline to address this new theory for the first time on appeal. Had it been raised below, the trial court might have addressed the issues raised by this theory in its findings.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Pennell, C.J.                                             Staab, J.